PLEASE
CONFORM

**DAVID L. RAY, State Bar No. 48520**
**12121 Wilshire Boulevard, Suite 600**
**Los Angeles, California 90025-1166**
**(310) 481-6700 – Fax: (310) 481-6720**
**E-Mail: dlr@srblaw.com**
**In pro per, David L. Ray, Receiver**



FILED
CLERK, U.S. DISTRICT

NOV - 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DAVID L. RAY, in his Capacity as
Receiver for Ruderman Capital Partners
A, LLC,

           Plaintiff,

v.

PRABHAKAR GUNIGANTI, an
individual and DOES 1 through 40,
inclusive,

           Defendants.

Case No. CV10-8537 PSG (FFmx)

**COMPLAINT TO AVOID AND**
**RECOVER FRAUDULENT**
**TRANSFERS**

Plaintiff DAVID L. RAY, Receiver over the assets of Ruderman Capital

Partners A, LLC ("Receiver") alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This action seeks recovery of fraudulent transfers made to defendant

Prabhakar Guniganti ("Guniganti") by Ruderman Capital Partners A, LLC ("RCP-A")

totaling at least $2 million. RCP-A is presently in Receivership based on an action

filed by the Securities and Exchange Commission ("SEC"), and this action is being

brought by the Receiver, appointed at the request of the SEC.

1

135263 1  5755 000

2.      At all times herein mentioned, Receiver was and now is a citizen of the County of Los Angeles California. Plaintiff is the court appointed receiver over RCP-A. He was appointed receiver in an action entitled *Securities and Exchange Commission v. Bradley L. Ruderman, et al.*, Case no. CV 09-2974 VBF in United States District Court for the Central District of California (the "SEC Action").

3.      This action is ancillary to the SEC Action. Pursuant to the Order appointing him, Receiver has authority to marshal, take custody, control and possession of the assets of RCP-A (the "the Receivership Property") and to conserve, hold, manage and liquidate said assets, and apply said assets, pursuant to the direction of the court appointing him, to aid victims of a fraudulent investor scheme by RCP-A and its principal, Bradley L. Ruderman ("Ruderman"). Receiver's power as receiver extends to all funds, properties, premises, books, records, claims, rights, causes of action, choses in action, assets, properties of RCP-A, whether owned directly or indirectly, or otherwise under the control, beneficially or otherwise of RCP-A. Receiver's power also extends to any and all businesses in which RCP-A has a controlling interest. As Receiver, Plaintiff has authority to pursue assets which are owned in whole or in part by RCP-A but which are not in RCP-A's name, or which have been fraudulently transferred by RCP-A. Further, pursuant to the Order of September 2, 2010 modifying his duties (the "Modification Order"), the Receiver has authority of the court appointing him to pursue and file all viable claims and avoidance actions, including this action. A copy of the Modification Order is the SEC Action is attached hereto as Exhibit "A" and is incorporated here by reference.

4.      The fraudulent scheme that Ruderman and RCP-A ran operated from Beverly Hills, California, and the fraudulent transfers discussed below were made from such place.

5.      Receiver is informed and believes and on that basis alleges that at all times herein mentioned Guniganti was and is a citizen of the State of Texas.

135263 1  5755 000

6.     This court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)) and Section 27 of the Exchange Act (15 U.S.C. § 78aa), and under Chapter 49 of Title 28, Judiciary and Judicial Procedure (28 U.S.C. § 754) (which allows a receiver to sue in the district in which he was appointed to enforce claims anywhere in the country)  and 28 U.S.C.A. § 1367(a) (pendent jurisdiction).

7.     In addition, as the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver to execute his Receivership duties.

8.     Further, the Court has jurisdiction under 28 U.S.C. § 1332, as this action is between citizens of different States and the matter in controversy exceeds the sum of $75,000. Under 28 U.S.C. 1391(a) venue is proper in this action because the transactions giving rise to the claims and causes of action alleged below occurred in the County of Los Angeles, State of California; the wrongful conduct alleged below took place in the County of Los Angeles, State of California; and the damages sustained by Receiver, as alleged below, were incurred in the County of Los Angeles, State of California.

9.     Receiver does not know the true names and capacities of Defendants sued in this Complaint as Does 1 through 40, inclusive, and therefore sue these Defendants by such fictitious names.  Receiver will amend this Complaint to allege the true names and capacities of these Doe Defendants when the same are ascertained. Receiver is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint, and that Receiver' damages, as alleged in this Complaint, were proximately caused by these Defendants' conduct, and/or such defendants are subsequent transferees of the fraudulent transfers alleged below.

3

## **GENERAL FACTUAL ALLEGATIONS**

10.     Beginning in or about 2000, Ruderman formed Ruderman Capital Management,   LLC ("RCM") for the purpose of investing and managing his own funds and the funds of certain other investors.  Ruderman was an owner and the manager of RCM, which functioned as his alter-ego. Operating through RCM, Ruderman engaged in the business of advising others as to the value of securities and the advisability of investing in, purchasing, and selling securities, and, for compensation and as part of a regular business, issued and promulgated analyses and reports concerning securities. Ruderman provided investment advisor services to, among others, the hedge funds Ruderman Capital Partners, LLC ("RCP") and RCP-A (hereinafter together "the Funds"), and the individual investors in the Funds.

11.     Beginning on a date unknown but no later than 2003, and continuing until at least April 15, 2009, within the County of Los Angeles and elsewhere, Ruderman knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts..

12.     Ruderman's scheme, executed through RCP-A, was a Ponzi scheme. It operated, in substance, in the following manner and by the following means:

      a.     Ruderman formed RCP in or about 2003 and RCP-A in or about 2005. Ruderman formed RCP for the purpose of obtaining investments from third parties; RCP-A was formed for the purpose of expanding the scope of potential investors to include retirement funds. RCM was the Managing Member and Investment Adviser of both RCP and RCP-A.

      b.     Ruderman solicited investments into RCP and RCP-A from victim-investors. Ruderman represented to victim-investors that their money would be invested to achieve above-average capital appreciation.

4

c.   Ruderman did not invest the money entrusted to him by victim-investors as he had promised to do. Instead, without informing the victim-investors or obtaining their authorization, Ruderman used the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities.

d.   Ruderman provided false and fraudulent account statements and Partner's Share of Income, Deductions, Credits, etc. ("IRS Schedule K-1s") to the victim investors which purported to show gains in their investment accounts. The purpose of these false and fraudulent account statements and IRS Schedules K-1 was three-fold: first, to prevent the victim-investors from discovering that Ruderman was not investing their funds as he had promised; second, to persuade the victim-investors to invest additional monies in the Funds; and third, to encourage the victim-investors to recommend the Funds to other potential investors.

13.   To execute the scheme to defraud, Ruderman made numerous materially false representations and promises to victim-investors, and concealed from them material facts, including the fact that instead of investing the victim-investors' money as promised, Ruderman used the victim-investors' money to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities. RCP-A was, in fact, a Ponzi scheme.

14.   Through the above-described scheme to defraud, Ruderman induced at least 22 victim-investors to give approximately $44.3 million to him for investment in RCP and RCP-A.

15.   In 2009, Ruderman was indicted and charged with wire fraud (18 U.S.C. §1343), investment advisor fraud (15 U.S.C. §80b-6(1)) and tax evasion, and pled

5

guilty to each of the charges. In January 2010, Ruderman was sentenced to prison for more than 10 years. A copy of the judgment in the case of *United States v. Bradley Lewis Ruderman* is attached hereto as Exhibit "B" and is incorporated here by reference.

16.    In the SEC Action, the SEC charged the defendants with operating a fraudulent scheme involving two hedge funds, one of which was RCP-A. On May 7, 2009, the Court entered a judgment in the SEC Action of permanent injunction, order of disgorgement, appointment of permanent receiver and other relief as to the defendants. Pursuant to the judgment, the Receiver was appointed as permanent receiver over RCM, RCP and RCP-A and their subsidiaries and affiliates and was provided the full power as the equity receiver over all funds and assets of such entities.

17.    RCP-A made two $1 million transfers to Guniganti within the meaning of the California Uniform Fraudulent Transfer Act ("UFTA"), Civil Code § 3439 et al. The first occurred on October 5, 2006 (the "October 5 Transfer") and the second occurred on November 14, 2006 (the "November 14 Transfer"). Collectively, these transfers are referred to as the "Transfers."

18.    Each of the Transfers was made by RCP-A with the intent to hinder, delay or defraud RCP-A's creditors, depriving those creditors of assets which otherwise would have been available for satisfaction of their claims against RCP-A.

19.    Receiver is a "creditor" of RCP-A, and RCP-A is a "debtor" within the meaning of the UFTA.

20.    Receiver is informed and believes and on that basis alleges that at the times that each of the Transfers took place, RCP-A: (a) was insolvent within the meaning of the UFTA, (b) was engaged in a business for which its remaining assets were unreasonably small in relation to the business; and (c) intended to incur or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

135263 1  5755 000

21.   Receiver is informed and believes and on that basis alleges that RCP-A did not receive reasonably equivalent value for either of the Transfers.

22.   Receiver did not learn of the facts on which this claim is based until in or about May 2010, despite reasonable diligence.

## FIRST CAUSE OF ACTION

### (For Avoidance and Recovery of the October 5 Transfer as a Fraudulent Transfer Against Defendant Guniganti and Does 1 through 40)

23.   Receiver realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.   Receiver is informed and believes and on that basis alleges that Guniganti did not transfer anything of value to RCP-A in exchange for the October 5 Transfer.

25.   Guniganti is a transferee of the October 5 Transfer from RCP-A, which was a fraudulent transfer under California Civil Code §§ 3430.04 and 3439.05.

26.   The October 5 Transfer by RCP-A to Guniganti is voidable by Receiver under applicable law, including California Civil Code §§ 3439.07 and 3439.08. As receiver, Receiver is entitled under § 3439.07(a)(3)(B) to take charge of the $1 million transferred or its proceeds.  Under § 3439.08, Receiver is entitled to recover judgment for $1 million.

///

///

///

## SECOND CAUSE OF ACTION

**(For Avoidance and Recovery of the November 14 Transfer as a Fraudulent Transfer Pursuant to C.C.P. § 3439 et seq. Against Defendant Guniganti and Does 1 through 40)**

27.     Receiver realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

28.     Receiver is informed and believes and on that basis alleges that Guniganti did not transfer anything of value to RCP-A in exchange for the November 14 Transfer.

29.     Guniganti is a transferee of the November 14 Transfer from RCP-A, which was a fraudulent transfer under California Civil Code §§ 3430.04 and 3439.05.

30.     The November 14 Transfer by RCP-A to Guniganti is voidable by Receiver under applicable law, including California Civil Code §§ 3439.07 and 3439.08. As receiver, Receiver is entitled under § 3439.07(a)(3)(B) to take charge of the $1 million transferred or its proceeds.  Under § 3439.08, Receiver is entitled to recover judgment for $1 million.

**WHEREFORE, Receiver prays for judgment against Defendants, as follows**:

1.     For avoidance of the fraudulent transfers made by RCP-A;

2.     For avoidance of the fraudulent transfers to Guniganti;

3.     For imposition of a constructive trust and an equitable lien in Receiver's favor on the $2 million transferred to Guniganti, and all rents, profits, income and other assets derived therefrom;

4.     For an order requiring Defendants account for all transfers received, along with the disposition of any moneys or other assets received in connection therewith;

135263 1  5755 000

1     5.      For an order declaring that Defendants hold the $2 million and any
2  proceeds as constructive trustees for Receiver;

3     6.      Alternatively, for damages in a sum to be proven at trial of not less than
4  $2 million against Guniganti, together with interest thereon from the date of each
5  transfer in an amount to be ascertained upon proof at time of trial; and

6     7.      For such other and further relief as the Court deems proper.

9  DATED: November 5, 2010        By:

                                  DAVID L. RAY
                                  In pro per

135263 1  5755 000

# EXHIBIT A

**Exhibit A**

1   **DAMON G. SALTZBURG, State Bar No. 162148**
2   **SALTZBURG, RAY & WEISSMAN, LLP**
    **12121 Wilshire Boulevard**
    **Suite 600**
3   **Los Angeles, California 90025-1166**
    **(310) 481-6700 – Fax: (310) 481-6720**
4
5   **Attorneys for David L. Ray, Federal Court Receiver**

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE              Case No. CV 09-2974 VBF (JCx)
    COMMISSION,
12
                   Plaintiff,            [PROPOSED] ORDER ON REQUEST
13                                       OF RECEIVER FOR AN ORDER
    vs.                                  MODIFYING THE RECEIVER'S
14                                       DUTIES
    BRADLEY L. RUDERMAN;
15  RUDERMAN CAPITAL
    MANAGEMENT, LLC; RUDERMAN
16  CAPITAL PARTNERS, LLC; and
    RUDERMAN CAPITAL PARTNERS A,
17  LLC,

18                 Defendants.

19

20

21       In furtherance of the status conference held with the Court on August 16, 2010,

22  David L. Ray, Federal Court Receiver ("Receiver") appointed in this action now over

23  Ruderman Capital Management, LLC ("RCM") and Ruderman Capital Partners A,

24  LLC ("RCP-A"), having filed a request with the Court for an order modifying the

25  Receiver's duties, entitled "Request of Receiver for Order Modifying the Receiver's

26  Duties; Memorandum of Points and Authorities in Support Thereof; Declaration of

27  David L. Ray" (the "Request"), and good cause appearing,

28       **IT IS HEREBY ORDERED** as follows:

1342601 5755 000

**Exhibit A**                                    000010

**Exhibit A**

1.   The Request of Receiver for an Order Modifying the Receiver's Duties (Dkt. 104) is granted.

2.   The appointment of permanent receiver as provided for in Section IV of the Judgment and Order of this Court filed May 7, 2009, Docket No. 29 (the "Appointment Order"), is further modified to provide that:

A.   The appointment and duties of the Receiver over RCM are limited in scope to matters after RCP-A was initially formed on January 24, 2005; and

B.   The Receiver is authorized and empowered to seek to retain the services of counsel to investigate and, pursue, if appropriate, all viable claims and avoidance actions of the Receivership Estate , including those as set forth in the Report of Receiver on the Status of Receivership (the "Report"), a copy of which is attached at Exhibit "C" to the Request, with the additional requirement that the Receiver seek and obtain an order of the Court on the terms and conditions for which any counsel is retained to perform such services.

# # #

Dated: _9-2-10_____

*Valerie Baker Fairbank*

HONORABLE VALERIE BAKER FAIRBANK
United States District Court Judge

2

**Exhibit A**

# EXHIBIT B

JS-3/Ent

## United States District Court
## Central District of California

UNITED STATES OF AMERICA vs.

Docket No. ___ **CR 09-757-JFW** ___

Defendant ___ Bradley Lewis Ruderman ___

akas: ___ None ___

Social Security No. _7_ _1_ _4_ _0_
(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in

| MONTH | DAY | YEAR |
|-------|-----|------|
| January | 11 | 2010 |

| COUNSEL | [x] **WITH COUNSEL** | James D. Riddet, Retained |
|---------|---------------------|---------------------------|
| | | (Name of Counsel) |

| PLEA | [x] **GUILTY**, and the court being satisfied that there is a factual basis for the plea. [ ] | **NOLO CONTENDERE** [ ] | **NOT GUILTY** |
|------|-----------------------------------------------------------------|----|----|

| FINDING | There being a finding of [x] **GUILTY**, defendant has been convicted as charged of the offense(s) of: Wire Fraud in violation of 18 U.S.C. § 1343 [cts 1, 2]; Investment Adviser Fraud in violation of 15 U.S.C. § 80b-6(1), b-17 [cts 3, 4]; Willful Failure to File Tax Return in violation of 26 U.S.C. § 7203 [ct 5] as charged in the Five-Count Information filed August 6, 2009 |
|---------|-----------------------------------------------------------------|

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: |
|---------|-----------------------------------------------------------------|

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Bradley Lewis Ruderman, is hereby committed on Counts 1 through 5 of the 5-Count Information to the custody of the Bureau of Prisons for a term of 121 months. This term consists of 121 months on each of Counts 1 and 2, 60 months on Counts 3 and 4, and 12 months on Count 5, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on each of Counts 1 and 2, three years on each of Counts 3 and 4, and one year on Count 5, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment/placement of probation and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

**Exhibit B**

USA vs.  Bradley Lewis Ruderman                     Docket No :   **CR 09-757-JFW**

4.    During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

5.    The defendant shall apply monies in excess of $500 received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

6.    The defendant shall participate in a program for gambling addiction as directed by the Probation Officer, until discharged from the program by the service provider with the approval of the Probation Officer. The defendant shall pay the cost of such program;

7.    The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation; and

8.    The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on February 1, 2010. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

It is ordered that the defendant shall pay to the United States a special assessment of $425, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $27,585,849 pursuant to 18 U.S.C. § 3663A.

Restitution shall be paid according to the confidential victim list prepared by the probation office. The victims list, which shall be forwarded from the Probation Office to the fiscal section of the clerk's office, shall remain confidential.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $1,000 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment. Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

CR-104 (11/04)                     JUDGMENT & PROBATION/COMMITMENT ORDER                     Page 2 of 6

**Exhibit B**

**Exhibit B**

USA vs.  Bradley Lewis Ruderman                                    Docket No :  **CR 09-757-JFW**

All fines are waived as it is found that the defendant does not have the ability to pay a fine  in addition to restitution.

Court recommends that the defendant be placed in a facility located in Southern California.

Defendant informed of right to appeal.

Bond exonerated upon self surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period

January 11, 2010
_____
Date                                                JOHN F. WALTER, U S  District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U S. Marshal or other qualified officer

Terry Nafisi, Clerk

January 11, 2010                    By          /s/
_____                                _____
Filed Date                                                Shannon Reilly, Deputy Clerk

CR-104 (11/04)                    JUDGMENT & PROBATION/COMMITMENT ORDER                    Page 3 of 6

**Exhibit B**

ü00014

USA vs.  Bradley Lewis Ruderman                    Docket No :   **CR 09-757-JFW**

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below)

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon

☒   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U S C. §3612(b)(1)(F)

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U S C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U S C §3572(d)(3) and for probation 18 U S C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U S C. §3663(c); and
5. Other penalties and costs

---

**Exhibit B**

000015

USA vs.   Bradley Lewis Ruderman                              Docket No.:   **CR 09-757-JFW**

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By        _____
Date                                      Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

**Exhibit B**

00016

**Exhibit B**

USA vs.   Bradley Lewis Ruderman                          Docket No :   **CR 09-757-JFW**

Clerk, U.S. District Court

_____          By          _____
Filed Date                                         Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them

(Signed) _____          _____
              Defendant                                                   Date

_____          _____
U. S. Probation Officer/Designated Witness                     Date

**Exhibit B**

00017

AO 440 (Rev 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| DAVID L. RAY, in his Capacity as Receiver for Ruderman Capital Partners A, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV10-8537 PSG (FMX) |
| PRABHAKAR GUNIGANTI, an individual and DOES 1 through 48, inclusive, | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PRABHAKAR GUNIGANTI
50 Waterford Court
Nacogdoches, TX 75961

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 11-9-10

**TANYA DURANT**

*Signature of Clerk or Deputy Clerk*

1188

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

PLEASE
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>DAVID L RAY, in his Capacity as Receiver for Ruderman Capital Partners A, LLC | DEFENDANTS<br>PRABHAKAR GUNIGANTI |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same )<br><br>DAVID L RAY<br>12121 Wilshire Blvd , Suite 600. Los Angeles, California 90025-1166<br>(310) 481-6700 - Fax: (310) 481-6720 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U S Government Plaintiff    ☒ 3 Federal Question (U S Government Not a Party)

☐ 2 U S Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant )

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only )

☒1 Original Proceeding    ☐2 Removed from State Court    ☐3 Remanded from Appellate Court    ☐4 Reinstated or Reopened    ☐5 Transferred from another district (specify):    ☐6 Multi-District Litigation    ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒No        ☒ MONEY DEMANDED IN COMPLAINT: $ 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl Ret Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R R & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions |  | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure |  |  |  | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land |  |  |  | FEDERAL TAX SUITS<br>☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

CV10-8537

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV 09-2974 VBF (JCx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A  Arise from the same or closely related transactions, happenings, or events; or
                              ☑ B  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☑ C  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary )

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 9, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet  (For more detailed instructions, see separate instructions sheet )

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc , for certification as providers of services under the program  (42 U S C  1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U S C  923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability  (42 U S C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U S C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U S C  (g)) |