FILED

2010 DEC 13  10: 24

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY:_____

1  THE CREDITORS' LAW GROUP, APC
   David J. Richardson (State Bar No. 168592)
2  djr@thecreditorslawgroup.com
   Laura L. Buchanan (State Bar No. 156261)
3  llb@thecreditorslawgroup.com
   2301 Hyperion Avenue, Ste. A
4  Los Angeles, CA 90027
   Telephone:    (323) 686-5400
5  Facsimile:    (323) 686-5403

6  SARA PFROMMER (State Bar No. 84452)
   2663 Little Kate Road
7  P.O. Box 3915
   Park City, UT  84060
8  Telephone:  435-658-2453
   Facsimile:  619-923-2981
9  Email:      sara@sarapfrommer.com

10 Co-Counsel for Defendant
   Dr. Prabhakar Guniganti

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. RAY, in his Capacity as Receiver for Ruderman Capital Partners A, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PRABHAKAR GUNIGANTI, an individual and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.  CV10-8537 VBF (JCx) <br><br> **DEFENDANT'S ANSWER TO COMPLAINT, COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** |
| PRABHAKAR GUNIGANTI, an individual, <br><br> Counter-claimant, <br><br> v. <br><br> DAVID L. RAY, in his Capacity as Receiver for Ruderman Capital Partners A, LLC and Ruderman Capital Management, RUDERMAN CAPITAL PARTNERS A, LLC, and RUDERMAN CAPITAL MANAGEMENT, LLC, <br><br> Counterclaim-defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted that RCP-A is presently in Receivership based on an action filed by the Securities and Exchange Commission, and that this action has been brought by the Receiver. Otherwise denied.

2. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

3. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

4. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

5. Admitted.

6. Answering defendant admits that jurisdiction and venue are proper.

7. Answering defendant admits that jurisdiction is proper.

8. Answering defendant admits that jurisdiction is proper.

9. This is a conclusion of law to which no response is required. To the extent a response is required, this averment is denied.

10. Admitted.

11. Admitted.

12. Answering defendant admits that Ruderman[1] carried out a Ponzi scheme, but denies the implied averment that such scheme was carried out solely through RCP-A.

    a. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

    b. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

    c. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

---

[1] Capitalized terms not defined carry the meaning assigned to them in the Complaint.

   d. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

13. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

14. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

20. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

21. Denied.

22. Answering defendant is without sufficient information to form a belief as to the truth of this averment and it is therefore denied.

23. Answering defendant incorporates the responses to paragraph 1 through 22 herein.

24. Denied.

25. Denied.

26. Denied.

27. Answering defendant incorporates the responses to paragraph 1 through 26 herein.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

32.  RCP-A received or misappropriated transfers from Defendant in excess of the alleged Transfers made to the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

33.  RCP-A received reasonably equivalent value in exchange for the alleged Transfers.

**FOURTH AFFIRMATIVE DEFENSE**

34.  To the extent that any of the Transfers are otherwise avoidable, such Transfers are not avoidable as the funds were received in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

35.  To the extent that any of the Transfers are otherwise avoidable, such Transfers are not avoidable as RCP-A was only a mere conduit for payment from a third party.

**SIXTH AFFIRMATIVE DEFENSE**

36.  Defendant was an innocent transferee, and the Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

37.  Defendant denies all allegations of the Complaint that characterize or purport to quote from any written documents for the reason that all such documents speak for themselves.

**EIGHTH AFFIRMATIVE DEFENSE**

38.  Plaintiff's claims against Defendant are barred, in whole or in part, by reason of his failure to comply with Rule 9 of the Federal Rules of Civil Procedure.

**NINTH AFFIRMATIVE DEFENSE**

39.  Plaintiff's claims against Defendant are barred, in whole or in part, by applicable statute(s) of limitation and/or repose.

**TENTH AFFIRMATIVE DEFENSE**

40.  Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of laches, estoppels and waiver.

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims against Defendant are barred by the "net loser" doctrine of applicable Ninth Circuit case law, which prohibits Plaintiff from recovering any distributions made to Defendant, either individually or in his capacity as trustee of the Guniganti Family Trust, to the extent that the amount of his investments in the RCM and RCP-A exceeded the amount of the distributions as alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

42. Defendant is entitled to offset any amounts that RCM and RCP-A owe to him against any of the amounts claimed against him in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

43. Defendant reserves the right to assert any and all other defenses as set forth in Rule 8 of the Federal Rules of Civil Procedure which discovery reveals to be applicable so as to avoid waiver of same.

### COUNTERCLAIM

### JURISDICTION

44. This counterclaim seeks declaratory relief finding that Ruderman Capital Management ("RCM") and Ruderman Capital Partners A, LLC ("RCP-A") (collectively, the "Ruderman Entities") are the alter egos of one another.

45. This court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1132. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. as this counterclaim arises in an actual controversy within the Court's jurisdiction under Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)) and Section 27 of the Exchange Act (15 U.S.C. § 78aa), under Chapter 49 of Title 28, Judiciary and Judicial Procedure (28 U.S.C. § 754) and 28 U.S.C.A. § 1367(a). Under 28 U.S.C. § 1391(a) venue is proper in this action because the transactions giving rise to the claims and causes of auction alleged below, the wrongful conduct, and the damages sustained thereby, took place and/or were incurred in the County of Los Angeles, State of California.

///

## PARTIES

46. Counterclaimant Dr. Prabhakar Guniganti ("Dr. Guniganti") is a citizen of the State of Texas.

47. Plaintiff and Counterclaim-defendant David L. Ray (the "Receiver"), in his capacity as receiver for the Ruderman Entities in an action entitled <u>Securities and Exchange Commission v. Bradley L. Ruderman, et al.</u>, Case No. 09-2974 VBF pending in the United States District Court for the Central District of California (the "SEC Action").

## FACTUAL ALLEGATIONS

48. Between February 1999 and December 2002, Dr. Guniganti invested at least $3,057,500.00 with Bradley L. Ruderman ("Ruderman") through RCM in a series of investments that were each intended for specific private placement investments (the "Investment Deposits").

49. The majority of the Investment Deposits were not invested by Ruderman as he had promised, but instead were misappropriated by Ruderman pursuant to a fraudulent scheme that he carried out first through RCM, and later also through RCP-A and one or more other entities.

50. In or about 2005, Ruderman established RCP-A for the sole purpose of furthering his fraudulent scheme. At no time did Ruderman conduct a legitimate investment enterprise through RCP-A.

51. RCM is the managing member of RCP-A, but at all times Ruderman operated the Ruderman Entities as extensions of himself in furtherance of his fraudulent investment scheme, without regard to proper corporate formalities.

52. Ruderman commingled the assets and accounts of the Ruderman Entities to the point that it is not possible to distinguish the assets of one of the Ruderman Entities from any of the other Ruderman Entities.

53. The Securities and Exchange Commission initiated the SEC Action on or about April 28, 2009, leading to the appointment of Ray as receiver for the Ruderman Entities.

54. In the instant proceeding, the Receiver has taken the position in pleadings filed before the Court that there are insufficient records to determine the ownership of the assets in the accounts

6

of the Ruderman Entities as a result of commingling between the entities, and has prevailed in such arguments.

55. The Receiver has alleged and admitted in the Complaint that Ruderman and RCM are alter egos of one another.

56. The Court has ruled in a final judgment in the SEC Action that Ruderman, the Ruderman Entities, and Ruderman Capital Partners, LLC shall be jointly and severally liable for the damage caused by Ruderman's fraudulent scheme, and that each shall receive a credit for any restitution made by Ruderman.

## FIRST COUNTERCLAIM FOR RELIEF

### (declaratory relief)

57. Dr. Guniganti realleges and incorporates herein by this reference the allegations contained in paragraphs 44 through 56, inclusive, as though fully set forth herein.

58. There is such a unity of interest and ownership between RCM and RCP-A that the separate personalities of the entities do not in reality exist.

59. There would be an inequitable result if the actions of the Ruderman Entities arising from or related to Ruderman's fraudulent scheme were treated as the acts of separate corporations.

60. By virtue of the foregoing, Dr. Guniganti is entitled to a judgment declaring that RCM and RCP-A are the alter egos of one another for purposes of the claims and defenses raised in the Complaint by the Receiver.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Guniganti, respectfully demands judgment as follows:

a. dismissing the Receiver's Complaint;

b. with respect to Dr. Guniganti's counterclaim, declaring that RCM and RCP-A are the alter egos of one another for purposes of the claims and defenses raised in the Receiver's Complaint; and

c. awarding Dr. Guniganti such other and further relief as the Court deems just and proper.

///

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Dated: December 13, 2010

THE CREDITORS' LAW GROUP,
a Professional Corporation

By: _____
David J. Richardson
Attorney for Defendant Prabhakar
Guniganti

## Proof of Service

I declare that I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2301 Hyperion Avenue, Suite A, Los Angeles, California 90027. On December 13, 2010, I served the enclosed:

**DEFENDANT'S ANSWER TO COMPLAINT, COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

on the parties in said cause (listed below) by: (i) enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, handing said envelope to an overnight courier service.

David L. Ray, Esq.
12121 Wilshire Blvd., Suite 600
Los Angeles, California  90025-1166

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 13, 2010 at Los Angeles, California.

David J. Richardson